# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Donald Richard Watson

v.

Virginia Retirement System

May 23, 2008

Case No. CL 07-288

BY JUDGE EDWARD L. HOGSHIRE

Came this day the Plaintiff, by Counsel, pursuant to his Petition for Appeal and Memorandum of Law in support thereof, and the Defendant, by counsel, pursuant to its Answer and Memorandum of Law in support thereof, argument was heard in an *ore tenus* hearing, and as a result thereof, the Court determines as follows.

*Findings of Fact*

Plaintiff was a police officer with the City of Staunton Law Enforcement when he was injured on the job on June 21, 2004. As a result of this injury, Plaintiff became totally disabled and was no longer able to work in his usual occupation as a law enforcement officer as of November 1, 2005. Plaintiff applied for and received Workers' Compensation benefits for periods of time from June 21, 2004, through January 23, 2006, during which time he was not able to work at his usual patrol job. During some of this time, Plaintiff worked at a light duty job with the City of Staunton Law Enforcement and

received only partial temporary Workers' Compensation Benefits. Plaintiff applied for and was approved for Disability Retirement Benefits from the Defendant by letter dated October 19, 2005, his total disability being effective as of November 1, 2005. The correct amount of the monthly VRS Disability Retirement Benefit Plaintiff was eligible to receive, before any offset for Workers' Compensation benefits he received, was $2,472.86. Agency Record, Exhibit 12.

The Agency Record in this case shows Plaintiff received in Workers' Compensation benefits the amount of $605.66 per week for total incapacity from September 10, 2004, to April 25, 2005, and received $15.52 per week ($67.25 per month) for partial incapacity beginning April 26, 2005, as shown by Exhibit 4, the July 19, 2005, Award Order to Plaintiff from the Virginia Workers' Compensation Commission. The Agency Record in this case also shows Plaintiff received Workers' Compensation benefits through January 23, 2006, as shown by Exhibit 8, the April 26, 2006, Order from the Virginia Workers' Compensation Commission. There is nothing in the Agency Record to indicate the amount of Workers' Compensation benefits received by Plaintiff changed at any time between April 26, 2005, and January 23, 2006. By Order of the Virginia Workers' Compensation Commission dated April 26, 2006 (Exhibit 8 of the Agency Record), Plaintiff settled any remaining liability of his Workers' Compensation Insurance carrier for the lump sum of $31,000, explicitly stated in the Order as representing $15,500 for future medical bills, $15,000 for future rehabilitation expenses, and $500 for attorney's fees. Plaintiff did not receive any Disability Retirement Benefits from Defendant for the period of November 1, 2005, through April 30, 2006. Defendant initially did not pay Plaintiff any Disability Retirement Benefits from November 1, 2005, through April 30, 2006, because it apparently believed Plaintiff was receiving Workers' Compensation benefits during this time in the amount of $2,624.53 per month as is shown on Exhibit 6, its own Retirement Certificate dated November 1, 2005.

Defendant later denied payment of any Disability Retirement Benefits to Plaintiff from November 1, 2005, through April 30, 2006, because it reasoned Plaintiff's April 26, 2006, Workers' Compensation lump sum settlement covered the time period from November 1, 2005, through April 30, 2006, and Defendant felt Plaintiff should have negotiated an amount in his Workers' Compensation lump sum settlement to include an amount for wage benefits for this time period, and it would not underwrite his failure to do so by paying him VRS Disability Retirement Benefits during the same period of time. (Agency Record Exhibit 17.)

*Conclusions of Law*

Disability Retirement Benefits are payable by Defendant as of the date the recipient is determined to be disabled from a work-connected disability, in this case, November 1, 2005. Virginia Code § 51.1-157. Defendant is entitled to offset its liability for monthly VRS Disability Retirement Benefits to a recipient, including Plaintiff, in the amount of Workers' Compensation Benefits he receives during the period of his eligibility for VRS Disability Retirement Benefits. Virginia Code § 51.1-157(C).

By their submissions and admissions at oral argument, counsel for the parties agree the only factual dispute between the parties in this case is the amount of Workers' Compensation Benefits Plaintiff received during the period of November 1, 2005, through April 30, 2006. Plaintiff claims this amount is shown in the Agency Record as being $15.52 per week ($67.25 per month) from November 1, 2005, through January 23, 2006, and no further benefits after January 23, 2006, as is shown by copies of original Orders from the Workers' Compensation Commission, Exhibits 4 and 8; Defendant claims this amount is shown in the Agency Record as being $2,624.53 per month from November 1, 2005, through April 30, 2006, as is shown by its own VRS Retirement Certificate, Exhibit 6.

The court's standard of review in considering factual disagreements from the Agency record is "whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." Virginia Code § 2.2-4027. "Substantial evidence" is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. *Vasaio v. Department of Motor Vehicles*, 42 Va. App. 190, 590 S.E.2d 596 (2004); *Crutchfield v. State Water Control Bd.*, 45 Va. App. 546, 612 S.E.2d 249 (2005).

The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: "(ii) compliance with statutory authority." Virginia Code § 2.2-4027. In reviewing an agency action, a court affords no deference to the agency's interpretation of statutes, and the standard for reviewing a question of law is *de novo. The Mattaponi Indian Tribe v. Commonwealth*, 43 Va. App. 690, 601 S.E.2d 661 (2004).

There exists no substantial evidence in the agency record to support Defendant's conclusion that Plaintiff received $2,624.53 per month in Workers' Compensation benefits from November 1, 2005, through April 30, 2006. In fact there exists no evidence whatsoever in the agency record that Plaintiff received $2,624.53 per month in Workers' Compensation benefits

from November 1, 2005, through April 30, 2006, except for Defendant's conclusion, apparently mistaken, in its own Retirement Certificate that he did, but this conclusion is unsupported by any evidence in the record.

The overwhelming evidence from the agency record considered as a whole shows Plaintiff received $15.52 per week ($67.25 per month) in Workers' Compensation benefits from November 1, 2005, through January 23, 2006, and no further benefits after January 23, 2006, as is shown by copies of original Orders from the Workers' Compensation Commission, Exhibits 4 and 8. Defendant has therefore failed to comply with the statutory authority contained in Virginia Code § 51.1-157.

The agency record shows Plaintiff should have been paid by Defendant the following monthly amounts during November 1, 2005, through April 30, 2006, pursuant to statute:

November 2005: $2,405.61 ($2,472.86 VRS gross monthly benefit minus $67.25 workers' compensation benefit)

December 2005: $2,405.61 ($2,472.86 VRS gross monthly benefit minus $67.25 workers' compensation benefit)

January 2006: $2,422.01 ($2,472.86 VRS gross monthly benefit minus $50.85 workers' compensation benefit)

February 2006: $2,472.86

March 2006: $2,472.86

April 2006: $2,472.86

Total:$ 14,651.81

For these reasons, the Court determines Plaintiff has substantially prevailed on the merits in this case and that the agency's position is not substantially justified. Pursuant to Virginia Code § 2.2-4030(A), Plaintiff is entitled to his reasonable costs and attorney's fees. Having considered Plaintiff's attorney's affidavit, the Court determines counsel's hourly rate of

$250 for himself and $180 for his associate to be reasonable rates for this geographic area. The Court also determines the total fee requested of $9,520.00 for 41.3 total hours of work on this case to be reasonable. The court also determines Plaintiff's costs of $89 to be reasonable.

Now, therefore, the Court adjudges, orders, and decrees as follows: (1) Plaintiff is awarded a judgment against Defendant in the amount of $14,651.81 representing his unpaid Disability Retirement Benefits; (2) Plaintiff is awarded a judgment against the Defendant in the amount of $9,609 representing his reasonable costs and attorney's fees expended in this matter.

Exceptions of counsel to the rulings of the Court are noted. Endorsement of Counsel is dispensed with pursuant to statute. The Clerk is directed to mail a true copy of the foregoing Order to all counsel of record.